**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6909

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINDELL FORD, a/k/a Nephew,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:09-cr-00219-RDB-1; 1:16-cv-02308-RDB)

Submitted:  June 26, 2025                              Decided:  July 30, 2025

Before AGEE and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Quindell Ford, Appellant Pro Se.  David Christian Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quindell Ford seeks to appeal the district court's July 2024 order denying relief on his 28 U.S.C. § 2255 motion as well as the court's September 2022 order granting in part and denying in part his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[*] We dismiss in part and affirm in part.

The district court's order denying relief on Ford's § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing

---

[*] Ford's appeal of the district court's September 2022 compassionate release order is untimely. *See* Fed. R. App. P. 4(b)(1)(A) (providing for a 14-day appeal period in a criminal case). However, the time limits in Rule 4(b) are nonstatutory claims-processing rules that do not affect our jurisdiction. *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). Accordingly, because the Government has not moved to dismiss the appeal and no extraordinary circumstances are present, we refrain from sua sponte dismissing the appeal as untimely. *See United States v. Oliver*, 878 F.3d 120, 127-29 (4th Cir. 2017) (explaining that this court will refrain from invoking Rule 4(b) "sua sponte unless an intervening judgment or collateral-review proceeding has relied on the judgment appealed").

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Limiting our review of the record to the issues raised in Ford's informal brief, we conclude that Ford has not made the requisite showing.  *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

To the extent Ford appeals the district court's order granting in part and denying in part his motion for compassionate release under § 3582(c)(1)(A), his arguments fail because he was not entitled to a plenary resentencing proceeding on his compassionate release motion.  *See Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018) ("[A] sentence modification is not a plenary resentencing proceeding." (internal quotation marks omitted) (in context of § 3582(c)(2) motion)).

Accordingly, we grant Ford's motion to file supplemental authority, deny as moot his motions to expedite and for release pending appeal, deny a certificate of appealability and dismiss the appeal as to the order denying § 2255 relief, and affirm as to the order granting in part and denying in part Ford's motion for compassionate release.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3